UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAQUAN HILL,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>LIEUTENANT BAITY, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-1393<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This matter is before the Court on Plaintiff Faquan Hill's request for a temporary restraining order (Doc. 22), Defendants' motion[1] to dismiss the complaint in part (Doc. 24), and Hill's motion for leave to amend the complaint. (Doc. 28). For the following reasons, the request for preliminary injunctive relief will be denied, Hill's access to courts claims will be dismissed, and the docket will be amended to address a misidentified defendant.

**I.　PRELIMINARY INJUNCTIVE RELIEF**

Hill has been granted leave to proceed on Eighth Amendment claims against Defendants Lt. Baity and Lt. Mertin, based on their alleged deliberate indifference during Hill's suicide attempt; First Amendment denial of access to courts claims against Baity, Mertin, and John Doe, based on their alleged mishandling of Hill's legal property; and First Amendment retaliation claims against nine defendants affiliated with SCI-Rockview and SCI-Phoenix. *See* (Doc. 17, Doc. 18).

---

[1] The moving defendants are Halderman, Bower, Lt. Baity, Facility Manager Salamon, M. Rowe, T. Miller, and M. Knapp. An eighth defendant, Lt. Mertin, has not been served, because "[t]he Department of Corrections has not been able to identify" that person based on Hill's complaint. *See* (Doc. 24 at 1, n.1).

In a filing titled "Memorandum" (Doc. 22), Hill asserts that he "meets the criteria to be granted a Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure."[2] Preliminary injunctive relief is an "extraordinary remedy," for which the movant "must establish entitlement to relief by clear evidence." *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018). On a request for preliminary injunctive relief, courts consider four factors: (1) whether there is a "reasonable probability" of success on the merits, (2) whether denial would cause irreparable harm to the plaintiff, (3) whether the relief would cause greater harm to the non-moving party, and (4) whether the relief would be in the public interest. *See Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 102-03 (3d Cir. 2022). The first two factors are "prerequisites that the moving party must establish." *Id.* (citing *Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020)). Therefore, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

In the memorandum and an accompanying declaration (Doc. 23), Hill asserts that since May 2022, he has experienced 13 temporary prison transfers from SCI-Somerset to SCI-Phoenix for court dates in Philadelphia, which required "long grueling multiple hour rides" between the prisons. The frequent transfers left him without access to his legal property or commissary for extended periods. On one occasion, he was returned to Somerset "prematurely," before his court date, which he believes was retaliation for this lawsuit and

---

[2] Consistent with the directive that *pro se* filings be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court interprets the "Memorandum" as a request for issuance of a temporary restraining order.

other complaints about prison conditions. Further, Hill asserts that he is "constantly" assigned "problematic" cellmates with histories of violence. This includes an inmate he refers to as "Leach," who was assigned to Hill's cell despite the assigning officer knowing that Leach had previously been "jumped" by friends of Hill. Leach "attempted to attack" Hill, and Hill "defended himself [but] still went to the hole for fighting." Hill requests that unnamed defendants be restrained from "retaliating against" him, that he be granted single-cell or "Z-code" status "to avoid the risk of altercations with inmates and/or having his legal property tampered with," and that he be permanently transferred to SCI-Phoenix. *See* (Doc. 22-1). However, the docket reflects that Hill has now been "permanently" transferred to SCI-Phoenix. *See* (Doc. 33).

Hill has not shown a reasonable probability of success on the merits as to any of his pending claims. Most of his allegations are supported only by his own declaration[3], and such limited evidence does not generally justify the "extraordinary remedy" of preliminary injunctive relief. *See*, *e.g.*, *Doe v. L. Sch. Admission Council, Inc.*, 791 F. App'x 316, 320-21 (3d Cir. 2019) (plaintiff's "own self-serving affidavit" insufficient to justify preliminary injunction); *Fu v. Allriver-Direct*, No. 2:25-CV-615, 2025 WL 1554002, at *5 (W.D. Pa. June 2, 2025). Even considering the declaration, Hill's evidence is insufficient. He infers retaliation from the fact that various individuals know about or "inquired about" this lawsuit, but he

---

[3] Hill has also submitted a May 2022 minute entry from his state criminal docket ("Court orders defendant to remain at SCI Phoenix," *see* Doc. 23-1); and a property inventory form indicating that a legal tablet was "held for" Hill at SCI-Phoenix. (Doc. 23-2). Regardless, this evidence does not justify preliminary injunctive relief for the reasons described herein.

3

offers no clear evidence of retaliatory motive.[4] Although he claims that frequent prison transfers left him unable to meet unspecified legal deadlines, he presents no evidence that he has lost, or will soon lose, a non-frivolous legal claim because of missed deadlines.

Nor is Hill entitled to preliminary injunctive relief under the Eighth Amendment. Because Hill has now been "permanently" transferred to SCI-Phoenix, any request for injunctive relief arising from his temporary transfers to that prison is moot. Hill's claim that he is constitutionally entitled to be housed without a cellmate will not be considered, because it has no apparent relationship to the claims on which he was permitted to proceed. *See Ball, 396 F. App'x at 837*. Moreover, his description of the incident with Leach, and his general descriptions of his cellmates as "problematic" and "violent," would not establish an Eighth Amendment violation by any defendant, nor show an imminent risk of irreparable harm. *See, e.g., Allam v. McGinley*, No. 1:20-CV-00933, 2021 WL 253978, at *4 (M.D. Pa. Jan. 26, 2021) (a "single incident" of violence, combined with vague allegations that "merely articulated a generalized fear of harm," did not indicate a substantial risk of serious harm).

Because Hill has not presented clear evidence justifying the "extraordinary remedy" of preliminary injunctive relief, *Boyertown*, 897 F.3d at 526, his request will be denied.

---

[4] The only plausible retaliation Hill describes is an incident from April 2025 in which "CO Holmes," who is not a defendant, temporarily confiscated Hill's tablet during one of Hill's prison transfers. Hill contends that Holmes "inquired about" this lawsuit and later confiscated the tablet "because [Holmes] and [defendant] Mertin are friends." Even if the Court were to infer retaliatory intent from Hill's description, this single incident does not show an imminent risk of irreparable harm. *See Miller v. Little*, No. 3:21-CV-01941, 2022 WL 2070282, at *2 (M.D. Pa. June 8, 2022) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm.") (emphasis in original) (citation omitted).

4

**II.     MOTION TO DISMISS**

Next, Defendants move to dismiss Hill's access-to-courts and Eighth Amendment claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a

5

plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Hill's access-to-courts claim is premised on allegations that his PCRA evidentiary hearing was repeatedly continued, and the petition ultimately denied, because several defendants lost his legal documents. *See* (Doc. 17 at 9, 19). For an access-to-courts claim, the plaintiff must show (1) an "actual injury," *i.e.*, a lost chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that there is no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

6

Defendants argue that Hill's PCRA case is ongoing and seek dismissal on that basis. The Court's review of the PCRA docket[5] confirms that Hill's initial PCRA petition was denied on October 6, 2023, but Hill filed a "Subsequent PCRA" on August 29, 2024, and that petition has not yet been resolved. Hill was represented by counsel for the initial petition, and a *Grazier* hearing has been scheduled, indicating that Hill has been offered the assistance of counsel for the ongoing proceedings.[6] *See Commonwealth v. Hill*, No. CP-51-CR-0010471-2017 (Phila. Cty. Ct. Com. Pl.). "[W]here a prisoner is provided an attorney by the state to represent him . . . the prisoner's right to access to the courts is vindicated," and any access-to-courts claim fails as a matter of law. *See Mayo v. Cnty. of York*, No. 1:10-CV-01869, 2015 WL 3936814, at *31 (M.D. Pa. June 25, 2015) (citation omitted); *Fisher v. Derose*, No. 1:12-CV-1014, 2013 WL 979457, at *2 (M.D. Pa. Mar. 12, 2013) ("Because it is undisputed that Fisher was offered appointed-counsel and had access to standby counsel, his constitutional claim fails on the merits."). Accordingly, these claims will be dismissed.

Next, Defendants seek dismissal of Hill's Eighth Amendment claims as barred by the statute of limitations. These claims arise from an incident on August 29, 2022, in which defendant Baity allegedly told another officer to "give [Hill] a razor so he could kill himself," Hill "swallowed" the razor, and Baity and Mertin allegedly "taunted" Hill and declined to seek emergency help for "almost two hours." *See* (Doc. 17 at 3).

---

[5] On a motion to dismiss, the Court may take judicial notice of another court's docket. *See Hadesty v. Rush Twp. Police Dep't*, No. 3:14-CV-2319, 2016 WL 1039063, at *5 (M.D. Pa. Mar. 15, 2016) (listing cases).

[6] *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.").

7

As relevant here, a constitutional claim pursuant to 42 U.S.C. § 1983 must be filed within the limitation period for personal injury tort law in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, a Section 1983 claim must be brought within two years of the date of accrual. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). The two-year period is tolled while the prisoner exhausts administrative remedies as required by the Prison Litigation Reform Act. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602-03 (3d Cir. 2015). Therefore, a claim will not be dismissed under Rule 12(b)(6) unless the statute of limitations defense is "apparent on the face of the complaint," and the Court must consider any potential tolling in assessing dismissal. *See Wisniewski v. Fisher*, 857 F.3d 152, 157-58 (3d Cir. 2017).

These claims were first raised in the amended complaint[7], which Hill placed in the mail on February 14, 2025 (Doc. 12 at 51), more than two years after the claims accrued in August 2022. Defendants argue that the claims must be dismissed as untimely, but their motion does not address the possibility of equitable tolling to exhaust administrative remedies. In the operative complaint, Hill generally alleges that he "used the [prison] grievance system . . . to try and solve the problems listed in this complaint." (Doc. 12 at 42).

---

[7] Contrary to Hill's argument, he did not describe the claim "in a summarized version" in the original complaint. Although Baity and Mertin were listed as defendants, the claims in the original complaint were entirely directed to Hill's lost property, not his medical needs or his suicide attempt. *See* (Doc. 1, Doc. 8 at 2). Thus, the claims in the amended complaint do not relate back to the date of the original complaint. *See* Fed. R. Civ. P. 15(c); *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (for an amended complaint to relate back, the prior complaint must provide "fair notice of the general fact situation and the legal theory upon which the amending party proceeds") (quoting *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004)).

Although some grievance forms are attached to the complaint, these documents do not clearly show whether or when Hill exhausted administrative remedies regarding the August 2022 incident, nor is Hill obligated to provide such detail at the pleading stage. *See Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir. 2002). While it may be unlikely that Hill required more than five months to exhaust available remedies, the contrary conclusion is not "apparent on the face" of the complaint and attachments, so dismissal is not appropriate. *See Wisniewski*, 857 F.3d at 158; *Buttolph v. PrimeCare Med. Inc.*, 750 F. App'x 168, 169-170 (3d Cir. 2018).

### III.   MOTION TO AMEND

Hill has filed a motion for leave to amend the complaint (Doc. 28) to address two issues. First, he seeks to replace the unserved defendant, Lt. Mertin, with a "Jane Doe" defendant until the person's identity can be ascertained through discovery. The Court will direct that this defendant's name be changed on the docket from "Lt. Mertin" to "Lt. Jane Doe." *See Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009) ("Use of [Jane] Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified."). Second, Hill requests that the complaint be amended to include "a copy of his criminal docket sheet" from the PCRA case, and the October 6, 2023, "order/opinion denying his PCRA." However, he did not attach these documents to his motion. If Hill intended to request judicial notice of the fact that his petition was initially denied (*see* n.5, *supra*), that request is now moot. Any further relief is denied without prejudice to a properly supported motion to amend the complaint.

### IV.   CONCLUSION

For these reasons, Hill's request for a temporary restraining order will be denied, Hill's motion to amend will be granted to the extent that "Lt. Mertin" will be replaced by "Lt. Jane

Doe," and this case will proceed to discovery on Hill's First Amendment retaliation and Eighth Amendment deliberate indifference claims. An appropriate order follows.

Dated: October 2, 2025                                                                 *s/ Karoline Mehalchick*
                                                                                       **KAROLINE MEHALCHICK**
                                                                                       **United States District Judge**