UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FAQUAN HILL,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>LIEUTENANT BAITY, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-1393<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Faquan Hill has filed a motion to amend the complaint (Doc. 37) and a "Motion for Reconsideration/Motion to Clarify" the Court's memorandum and order dismissing his First Amendment access-to-courts claim (Doc. 38). For the following reasons, the request for reconsideration will be denied, but the docket will be amended to reflect the identification of a Jane Doe defendant and an additional exhibit to the complaint.

**I.   MOTION TO AMEND**

First, Hill seeks to amend his complaint to identify defendant "Lt. Jane Doe" as "Lt. Mergan." The docket will be altered to reflect this change, and the Court will direct that a waiver of service be sent to Lt. Mergan at SCI-Phoenix.[1] Hill will also be permitted to add an October 6, 2023, order of the Philadelphia County Court of Common Pleas (Doc. 37-1) as an

---

[1] Originally, this defendant was identified as "Lt. Mertin," but the name was changed to Jane Doe because the parties were unable to properly identify the defendant based on that name. *See* (Doc. 36).

exhibit to his complaint. However, for the reasons described below, this document does not entitle him to reconsideration of the dismissal of his access-to-courts claim.[2]

II.    **MOTION FOR RECONSIDERATION**

Hill's request for reconsideration is necessarily brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Under Rule 54(b), "[a]n order that does not dispose of every claim in an action 'may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Clark Distrib. Sys., Inc. v. ALG Direct, Inc.*, 12 F. Supp. 3d 702, 717 (M.D. Pa. 2014) (quoting Fed. R. Civ. P. 54(b)); *see also Qazizadeh*, 214 F. Supp. 3d at 295.

Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)); *see also Clark Distr. Sys.*, 12 F. Supp. 3d at 717 (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

---

[2] In addressing Defendants' motion to dismiss, the Court took judicial notice of Hill's PCRA docket, including the fact that his initial PCRA petition was denied on October 6, 2023. *See* (Doc. 35 at 7, n.5). The order itself provides no further detail beyond the facts that were already subject to judicial notice. *See* (Doc. 37-1).

The Court granted Defendants' request to dismiss Hill's access-to-courts claim against several prison employees. Hill had alleged that his PCRA petition was denied because he was unable to present supporting documents that those defendants had lost or mislaid. However, the updated docket of his PCRA proceedings indicated that he is now proceeding on an amended petition and was offered the assistance of counsel for both the initial and amended petitions. *See* (Doc. 35 at 7); *Mayo v. Cnty. of York*, No. 1:10-CV-01869, 2015 WL 3936814, at *31 (M.D. Pa. June 25, 2015) ("[W]here a prisoner is provided an attorney by the state to represent him . . . the prisoner's right to access to the courts is vindicated," and any access-to-courts claim fails as a matter of law.) (citation omitted).

Hill argues that despite the appointment of counsel, the lost documents "ultimately caused" the denial of his first petition. However, the appointment of counsel gave Hill access to the evidentiary procedures available in the PCRA court, including an evidentiary hearing (*see* Doc. 38 at 1) and the ability to request written discovery in "exceptional circumstances." *See* Pa. R. Crim. P. 902(E). Hill evidently believes that the court's procedures were inadequate to address his lost documents, but he was not "denied access" to the court.

Hill says that his appellate counsel "abandoned" him by filing a "*Fin[ley]* letter" and withdrawing, but this reflects that counsel, after "diligent review," determined that the claims were without merit, and that the court independently agreed and permitted counsel to withdraw. *See Commonwealth v. Fleming*, 236 A.3d 1066 (Pa. Super. Ct. 2020) (citations omitted). Hill's disagreement with those findings is not a basis for an access-to-courts claim, particularly against prison officials who had no control over the judgment of Hill's counsel. *See, e.g.*, *Brant v. Varano*, No. 3:13-CV-212, 2016 WL 2604950, at *7 (M.D. Pa. Mar. 21, 2016) ("Brant had the assistance of counsel in his state post-conviction litigation. That counsel

3

reviewed Brant's PCRA filings, and reported to the court that there were no meritorious issues in this post-conviction petition . . . These facts, rather than the alleged loss of documents of questionable provenance, explain[] the failure of this post-conviction claim, and [are] now fatal" to his access-to-courts claim), *report and recommendation adopted in part*, 2016 WL 2594156 (M.D. Pa. May 5, 2016), *vacated in part on other grounds*, 717 F. App'x 146 (3d Cir. 2017).³

### III.  CONCLUSION

For these reasons, Hill's motion to amend will be granted, but his request for reconsideration of the dismissal of his access-to-courts claim will be denied. Further, Hill's motion to extend case management deadlines (Doc. 39) will be granted.

An appropriate order follows.

Dated: December 15, 2025                                                          *s/ Karoline Mehalchick*
                                                                                                            **KAROLINE MEHALCHICK**
                                                                                                            **United States District Judge**

---

³ Nor is Hill entitled to an access-to-courts claim to compensate him for the PCRA court's own delays in holding hearings on his amended petition, even accepting his theory that any delay in resolving his case is ultimately traceable to the lost documents. *See, e.g., Gardner v. Luzerne Cnty.*, 645 F. Supp. 2d 325, 342 (M.D. Pa. 2009) ("[A]n alleged delay in scheduling . . . is not a proper claim under the constitutional right to access the courts.").